**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

v.                                                  Case No. 6:15-cv-1397-Orl-37TBS

PROGRESSIVE PLUMBING, INC.;
LAWSON INVESTMENT GROUP, INC.;
GRACIOUS LIVING DESIGN CENTER, INC.;
CENTRAL FLORIDA SUPPLY, INC.;
PROGRESSIVE PLUMBING SERVICES, LLC;
WILLIAM E. LAWSON; and CHARLENE
H. LAWSON,

        Defendants.

**ORDER**

This cause is before the Court on its own motion. Upon review of Plaintiff's Complaint (Doc. 1), the Court is unable to determine whether it has subject matter jurisdiction over this case.

Plaintiff alleges that this Court has diversity jurisdiction over this action. (*Id.* ¶ 1.) In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Therefore, Plaintiff's allegations that individual Defendants

William E. Lawson and Charlene H. Lawson are *residents* of the State of Florida (*id.* ¶¶ 10–11) are insufficient. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Accordingly, on or before Friday, **September 4, 2015**, Plaintiff is **ORDERED TO SHOW CAUSE** by written response why this action should not be dismissed for want of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 26, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record