**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

v.                                     Case No. 6:15-cv-1397-Orl-37TBS

PROGRESSIVE PLUMBING, INC.;
LAWSON INVESTMENT GROUP, INC.;
GRACIOUS LIVING DESIGN CENTER, INC.;
CENTRAL FLORIDA SUPPLY, INC.;
PROGRESSIVE PLUMBING SERVICES, LLC;
WILLIAM E. LAWSON; and CHARLENE
H. LAWSON,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Order to Show Cause (Doc. 12), filed August 27, 2015;

2. Motion to Stay Proceedings as Against William E. Lawson and Charlene H. Lawson (Doc. 15), filed September 1, 2015; and

3. Plaintiff's Response to Order to Show Cause (Doc. 16), filed September 4, 2015.

On August 24, 2015, Plaintiff initiated this action to enforce an indemnity agreement against Defendants. (Doc. 1.)

On August 27, 2015, this Court stayed the proceedings only as to Defendants Progressive Plumbing, Inc., Gracious Living Design Center, Inc., and Progressive Plumbing Services, LLC ("Debtor-Defendants"), each of whom are involved in Chapter 11 bankruptcy proceedings. (Doc. 11); *see also In re Progressive Plumbing, Inc.*, No. 6:15-

bk-07275-KSJ, Doc. 1 (Bankr. M.D. Fla. Aug. 24, 2015), *In re Gracious Living Design Ctr., Inc.*, No. 6:15-bk-07277-KSJ, Doc. 1 (Bankr. M.D. Fla. Aug. 24, 2015), *In re Progressive Servs., LLC*, No. 6:15-bk-07276-KSJ, Doc. 1 (Bankr. M.D. Fla. Aug. 24, 2015).

Additionally, the Court issued a show cause order as to why this action should not be dismissed for want of subject matter jurisdiction, ordering Plaintiff to allege the citizenship of non-debtor Defendants William E. Lawson and Charlene H. Lawson ("the Lawsons") so that the Court could determine if there was complete diversity. (Doc. 12.)

Plaintiff responded to the show cause order with allegations that the Lawsons are citizens of Florida. (Doc. 16, ¶ 10.) Given that (1) Plaintiff is a citizen of Delaware and Connecticut (Doc. 1, ¶ 4), (2) the Lawsons are citizens of Florida (Doc. 16, ¶ 10), and (3) all other non-debtor defendants are citizens of Florida (Doc. 1, ¶¶ 6, 8), complete diversity exists, and the Court has subject-matter jurisdiction over the action. *See* 28 U.S.C. 1332(a) (2012); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiff requests that the Court exercise its discretionary power to stay proceedings as to the Lawsons in light of Plaintiff's contentions that the Lawsons are insiders of the Debtor-Defendant companies. (Doc.15.) Plaintiff argues that a stay of this action is necessary to protect it from running afoul of the automatic stay provisions of the Bankruptcy Code. *See* 11 U.S.C. § 362 (2012). Although Plaintiff acknowledges that the Lawsons, Lawson Investment Group, Inc., and Central Florida Supply, Inc. are non-debtors and thus not subject to the automatic stay, Plaintiff argues that the relationship between the Lawsons and Debtor-Defendants is sufficiently close to warrant a stay of proceedings against the Lawsons. (Doc. 15.) Specifically, Plaintiff alleges that: (1) William E. Lawson's role as the president of Defendants Progressive Plumbing, Inc. and

Progressive Services, LLC and Charlene H. Lawson's role as the chief executive officer of Defendant Gracious Living Design Center, Inc. deems them "insiders" of these organizations under the Bankruptcy Code, *see* 11 U.S.C. § 101(31); and (2) Plaintiff runs the risk of enjoinment by counsel of the Debtor-Defendants if it proceeds with litigation against the Lawsons. (Doc. 15, pp. 2–3.)

Federal district courts possess "general discretionary power" to stay proceedings "in the interests of justice and in control of their dockets." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (11th Cir. 1983); *see also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (noting that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). The proper exercise of such discretionary power requires a weighing of competing interests. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Courts should not enter an indefinite stay absent "a pressing need." *See id.*

The Court agrees that the interests of Plaintiff and the Lawsons would be served by a limited stay, and finds that Plaintiff's request for a sixty-day stay is due to be granted. *See, e.g.*, *In re Steven P. Nelson, D.C., P.A.*, 140 B.R. 814 (Bankr. M.D. Fla. 1992) (granting a two-month stay of proceedings as to a non-debtor defendant who was the president, 100% shareholder, and sole executive of a debtor).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's August 27 Order to Show Cause (Doc. 12) is **DISCHARGED**.
2. Plaintiff's Motion to Stay Proceedings as Against William E. Lawson and Charlene H. Lawson (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**.

      a. To the extent that Plaintiff requests a stay of the proceedings as to the Lawsons, Plaintiff' Motion is **GRANTED**.

      b. In all other respects, the motion is **DENIED**.

3. This action is **STAYED** as to Defendants William E. Lawson and Charlene H. Lawson for sixty (60) days, ending on **November 8, 2015**.

4. On or before **November 9, 2015**, Plaintiff is **DIRECTED** to provide a status report regarding Defendants William E. Lawson and Charlene H. Lawson's posture in the aforementioned bankruptcy proceedings.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 9, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record