**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALLIED WORLD SPECIALITY
INSURANCE COMPANY,

      Plaintiff,

v.                                       Case No. 6:15-cv-1397-Orl-37TBS

LAWSON INVESTMENT GROUP, INC.;
CENTRAL FLORIDA PLUMBING
SUPPLY, INC.; WILLIAM E. LAWSON;
and CHARLENE H. LAWSON,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff Allied World Specialty Insurance Company's Motion for Preliminary Injunction and Request for Hearing (Doc. 27), filed December 28, 2015; and

2. Memorandum of Law in Support of Plaintiff Allied World Specialty Insurance Company's Motion for Preliminary Injunction (Doc. 28), filed December 28, 2015.

On December 28, 2015, Plaintiff filed a motion for preliminary injunction ("**Motion**") and a memorandum of law in support of its Motion ("**Supporting Memorandum**") in two separate documents. (Docs. 27, 28.)

Local Rule 3.01(a) provides that:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a *single* document not more than twenty-five (25) pages.

(Emphasis added).

Because Plaintiff filed its Motion and Supporting Memorandum in two separate documents, the Court finds that the Motion and Supporting Memorandum are due to be stricken for failure to comply with Local Rule 3.01(a). If Plaintiff chooses to pursue injunctive relief, it may file an amended motion in compliance with Local Rule 3.01(a).

Additionally, upon review of Plaintiff's Amended Complaint (Doc. 21), the Court cannot determine whether the action is properly pending within the Court's Orlando Division.

Local Rule 1.02(c) provides that "civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." The Ocala Division consists of Citrus, Lake, Marion, and Sumter counties, and the Orlando Division consists of Brevard, Orange, Osceola, Seminole, and Volusia counties. Local Rule 1.02(b)(2)–(3). If a plaintiff files an action in the wrong Division, the Court may transfer the action "to any other Division." *See* Local Rule 1.02(e).

On November 11, 2015, Plaintiff filed an Amended Complaint on claims for breach of indemnity agreement, specific performance, quia timet, and breach of promissory note due to Defendants' alleged failure to indemnify Plaintiff for performance and payment bonds. (Doc. 21.) The Amended Complaint and an attached exhibit suggest that the county having the "greatest nexus" with the action is Lake County, which is encompassed by the Ocala Division. The Amended Complaint provides that corporate defendants Lawson Investment Group, Inc., and Central Florida Plumbing Supply, Inc., have their

principal place of business in Clermont, Florida, and individual defendants William E. Lawson and Charlene H. Lawson reside in Clermont, Florida. (Doc. 21, pp. 2–3.) Clermont is a city in Lake County, Florida. Furthermore, the Agreement of Indemnity, which is the subject of the instant action, indicates that it was executed in Lake County. (Doc. 15-1, pp. 13–15.) Although the Amended Complaint suggests that Plaintiff paid claims on certain bonds for projects located within the Orlando division—for which it alleges it is entitled to indemnity (*see* Doc. 21, pp. 4–8)—the Court is not convinced that this provides sufficient nexus with the Orlando division to constitute proper venue under Local Rule 1.02(e).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Clerk is **DIRECTED** to **STRIKE** Plaintiff Allied World Specialty Insurance Company's Motion for Preliminary Injunction and Request for Hearing (Doc. 27) and Memorandum of Law in Support of Plaintiff Allied World Specialty Insurance Company's Motion for Preliminary Injunction (Doc. 28).

2. On or before Monday, **January 11, 2016**, Plaintiff shall show cause by written response why this action should not be transferred to the Ocala Division for all further proceedings

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 30, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record