UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLIED WORLD SPECIALTY INSURANCE COMPANY f/k/a DARWIN NATIONAL ASSURANCE COMPANY, a Delaware corporation,

    Plaintiff,

v.

LAWSON INVESTMENT GROUP, INC., a Florida corporation, CENTRAL FLORIDA PLUMBING SUPPLY, INC. A/K/A CENTRAL FLORIDA SUPPLY, INC., a Florida corporation, WILLIAM E. LAWSON, an individual, and CHARLENE H. LAWSON, an individual,

    Defendants.

_____/

CASE NO. 6:15-CV-1397-RDB-TBS

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff ALLIED WORLD SPECIALTY INSURANCE COMPANY F/K/A DARWIN NATIONAL ASSURANCE COMPANY ("Allied"), by and through undersigned counsel, hereby files its Response to the Court's Order to Show Cause (Doc 31) and states as follows:

1. The Court inquired whether this action should be transferred to the Ocala Division of the U.S. District Court Middle District of Florida, because in the Court's view, the county with the greatest nexus to this cause is Lake County, which falls within the geographical boundary of the Ocala Division.

2. "All civil proceedings of any kind shall be instituted in that Division

encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." *Local Rule* 1.02(c).

3. Allied believes that the payment of claims and pending adversary proceeding both occurring in Orlando are sufficient to establish the Orlando Division as the county with the greatest nexus to the cause.

4. In finding that there may be a greater nexus with the Ocala Division, the Court noted that Lawson Investment Group, Inc., Central Florida Plumbing Supply, Inc. a/k/a Central Florida Supply, Inc., William E. Lawson, and Charlene H. Lawson all reside in or have a principal place of business in Lake County, Florida, and further commented that the Agreement of Indemnity may have been executed in Lake County.

5. However, there is also a nexus with the Orlando Division that may be equal to or greater than the nexus with the Ocala Division.

6. Allied's right of indemnification arose when Allied paid claims on six bonded contracts, two of which are located in the Orlando area, which the Court noted in the Show Cause Order.

7. There is also a pending adversary proceeding involving Allied in the U.S. Bankruptcy Court Middle District of Florida, Orlando Division, 6:15-ap-00145-KSJ, the outcome of which will likely affect the size of the loss for which Allied ultimately seeks indemnification. Allied filed a cross claim in the Adversary Proceeding. The claim at issue in the adversary proceeding revolves around the Hyatt House project in Atlanta, Georgia, and though the project is located in Georgia, the validity and extent of the claim will be adjudicated in Orlando.

CASE NO.: 6:15-CV-1397-ORL-37-TBS

8. Transferring the case to the Ocala Division will cause Allied, and possibly Mr. Lawson, who is a defendant in this lawsuit and is or was involved in the management or ownership of debtor Progressive Plumbing, Inc., a party to the adversary proceeding, to travel to both Ocala and Orlando for two cases arising from the same or similar operative facts.

9. Allied respectfully requests that this case remain in the Orlando Division.

Dated: January 11, 2016

                                                Respectfully submitted,

*/s/ Jonathan P. Cohen*
Jonathan P. Cohen
Florida Bar No.: 11526
**Jonathan P. Cohen, P.A.**
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394
(954) 462-8850
(954) 848-2987 -fax
jcohen@jcohenpa.com
service@jcohenpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been filed through CM/ECF on January 11, 2016 on J. Stephen McDonald, Esq., and Robert Clayton Roesch, Esq., Shuffield, Lowman & Wilson, P.A., litservice@shuffieldlowman.com, 1000 Legion Place, Suite 1700, P.O. Box 1010, Orlando, Florida 32802-1010.

                                                              /s/Jonathan P. Cohen