# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALLIED WORLD SPECIALITY
INSURANCE COMPANY,

      Plaintiff,

v.   Case No. 6:15-cv-1397-Orl-37TBS

LAWSON INVESTMENT GROUP, INC.;
CENTRAL FLORIDA PLUMBING
SUPPLY, INC.; WILLIAM E. LAWSON;
and CHARLENE H. LAWSON,

      Defendants.

## ORDER

This cause is before the Court on the following:

1. The Court's December 30, 2015, Order (Doc. 31); and

2. Plaintiff's Response to Order to Show Cause (Doc. 41), filed January 11, 2016.

Local Rule 1.02(c) provides that "civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." If a plaintiff files an action in the wrong Division, the Court may transfer the action "to any other Division." *See* Local Rule 1.02(e).

On December 30, 2015, the Court ordered Plaintiff to show cause why this case should not be transferred to the Ocala division for all further proceedings in light of the Court's findings that Lake County—which is encompassed by the Ocala division—may be the county with the greatest nexus to the action. (Doc. 31 ("**Order to Show Cause**").)

Plaintiff responds that the Orlando Division may have an equal or greater nexus with the action as the Ocala Division and, therefore, requests that the action remain pending in the Orlando Division. (Doc. 41, ¶¶ 5, 9.) In support, Plaintiff represents that: (1) its right of indemnification—which is the basis for its suit against Defendant—arose when it paid claims on six bonded contracts, two of which are located in the Orlando area; (2) an adversary proceeding related to the instant action is currently pending in the Orlando Division of the United States Bankruptcy Court for the Middle District of Florida, which will affect the size of the loss for which Plaintiff ultimately seeks indemnification; and (3) transfer of the case to the Ocala Division will cause Plaintiff, and possibly Defendant William E. Lawson, to travel to both Ocala and Orlando for two cases arising from the same or similar operative facts. (Doc. 41, ¶¶ 6-8.)

Upon consideration, the Court finds that pursuant to Local Rule 1.02, this case has a sufficient nexus with the Orlando Division to remain pending here. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court's Order to Show Cause (Doc. 31), dated December 30, 2015, is **DISCHARGED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 12, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

2