UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLIED WORLD SPECIALTY INSURANCE COMPANY f/k/a DARWIN NATIONAL ASSURANCE COMPANY, a Delaware corporation,

    Plaintiff,

v.

LAWSON INVESTMENT GROUP, INC., a Florida corporation, CENTRAL FLORIDA PLUMBING SUPPLY, INC. A/K/A CENTRAL FLORIDA SUPPLY, INC., a Florida corporation, WILLIAM E. LAWSON, an individual, and CHARLENE H. LAWSON, an individual,

    Defendants.

_____/

CASE NO. 6:15-CV-1397-RDB-TBS

## UNOPPPOSED MOTION FOR LEAVE TO FILE A REPLY

Plaintiff Allied World Specialty Insurance Company ("Allied" or "Surety"), by and through undersigned counsel and pursuant to Local Rule 3.01(c) and (d), hereby files its *Motion for Leave to File a Reply to Defendants' Opposition to the Motion for Preliminary Injunction* (Doc. 45), and states as follows:

1. On December 30, 2015, Allied filed a motion for preliminary injunction to enforce the Surety's contractual right of specific performance. (Doc. 32)("Motion for Preliminary Injunction").

2. On January 18, 2016, the Defendants, Lawson Investment Group, Inc., Central Florida Plumbing Supply, Inc., William E. Lawson, and Charlene H. Lawson, filed a response in opposition to the motion (Doc. 45) and a related affidavit from Mr. Lawson (Doc. 44).

1

3. Defendants have raised new facts or law or raised allegations necessitating the need to file a reply.

4. Courts will grant a motion for leave to file a reply brief if the reply brief "will benefit the Court's resolution of the pending motion." *Gadsby v. Am. Golf Corp. of Cal & Golf Enters.*, 2014 U.S. Dist. LEXIS 152870 (M.D. Fla. 2014).

5. Allied's reply will benefit the Court's resolution of the pending motion by addressing the new facts or law raised by the Defendants or rectifying allegations of law or fact that are incorrect, including the following:

   a. Defendants set forth unfounded allegations of unclean hands that unfairly put Allied in a negative light for activities or events that were appropriately taken by the Surety, if not directly granted to the Surety in the Agreement of Indemnity;

   b. Defendants apply the wrong legal standard when arguing whether Allied is entitled to specific performance of the collateral deposit provision. Defendants ignore a specific performance provision in the Agreement of Indemnity;

   c. Defendants apply the wrong legal standard in concluding that Allied's collateral demand was unreasonable, and in doing so ignore the plain language of the Agreement of Indemnity conferring the right to determine the amount of collateral to demand on Allied.

6. Allied would like the opportunity to file a reply that will not exceed 15 pages.

7. A hearing has been scheduled on the motion for preliminary injunction on February 10, 2016 at 10:00am (Doc. 48).

8. Pursuant to Local Rule 3.01(g), the undersigned certifies that he has conferred with opposing counsel who does not object to this motion for leave.

WHEREFORE, Allied World Specialty Insurance Company respectfully requests entry of an Order allowing Allied to file a reply to the Defendants' response in opposition to the motion for preliminary injunction and for any additional relief deemed just and proper.

Dated: January 28, 2016

Respectfully submitted,

*/s/ Jonathan P. Cohen*
Jonathan P. Cohen
Florida Bar No.: 11526
**Jonathan P. Cohen, P.A.**
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394
(954) 462-8850
(954) 848-2987 -fax
jcohen@jcohenpa.com
service@jcohenpa.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed through CM/ECF on January 28, 2016 on J. Stephen McDonald, Esq. (smcdonald@shuffieldlowman.com), Robert Clayton Roesch, Esq. (croesch@shuffieldlowman.com), and litservice@shuffieldlowman.com, Shuffield, Lowman & Wilson, P.A., 1000 Legion Place, Suite 1700, P.O. Box 1010, Orlando, Florida 32802-1010.

/s/Jonathan P. Cohen