**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.     Case No. 6:15-cv-1397-Orl-37TBS

LAWSON INVESTMENT GROUP, INC.;
CENTRAL FLORIDA PLUMBING
SUPPLY, INC.; WILLIAM E. LAWSON;
and CHARLENE H. LAWSON,

    Defendants.

**ORDER**

This cause is before the Court on Plaintiff's Unopposed Motion for Reconsideration of a Final Order and Motion to File Paper Under Seal (Doc. 78), filed May 23, 2016.

On March 11, 2016, the parties to this action notified the Court that they had agreed to a settlement "in principle." (Doc. 74 ("**Notice of Settlement**").) The Notice of Settlement stated that the parties' agreement would "be memorialized in a formal settlement agreement over the upcoming days." (*Id.*) Consequently, the Court issued its standard order dismissing the action with prejudice and permitting the parties to move the Court within sixty days for entry of a stipulated form of final order or judgment or, upon good cause shown, to reopen the cause for further proceedings. (Doc. 75.)

On May 10, 2016, the parties timely moved for entry of a stipulated final order: (1) recognizing that the parties had entered into a formal settlement agreement ("**Agreement**") ("**First Request**"); (2) recognizing that Agreement sets out the continuing rights and obligations between the parties ("**Second Request**"); (3) dismissing the case

*with prejudice* against William E. Lawson and Charlene H. Lawson ("**Individual Defendants**") ("**Third Request**"); (4) dismissing the case *without prejudice* against Lawson Investment Group, Inc. and Central Florida Plumbing Supply, Inc. ("**Corporate Defendants**") ("**Fourth Request**"); and (5) reserving jurisdiction to enforce the terms of the Agreement ("**Fifth Request**"). (Doc. 76.) The Court entered an Order granting the First and Second Requests and denying the Third, Fourth, and Fifth Requests on the grounds that: (1) it had already dismissed the case with prejudice as to all Defendants; and (2) it is not the Undersigned's practice to retain jurisdiction to enforce the terms of private settlement agreements. (Doc. 77 ("**Final Order**").) Plaintiff moves for reconsideration of the Court's Final Order. (Doc. 78 ("**Motion**").) The Motion is unopposed.

Reconsideration is appropriate under Rule 59(e) on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that while Rule 59(e) does not explicitly set forth grounds justifying reconsideration, courts have generally granted such relief in those three circumstances). "[T]he decision to grant such relief is committed to the sound discretion of the district judge[.]" *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Plaintiff represents that reconsideration is warranted to correct clear error and prevent manifest injustice. (Doc. 78, p. 3.) Importantly, Plaintiff contends that the parties only agreed to dismissal with prejudice as to the Individual Defendants and therefore, dismissal with prejudice as to the Corporate Defendants is involuntary, contravenes the

parties' Agreement, and may affect the parties' rights going forward. (*Id.* at 3–4.) In support, Plaintiff moves for leave to file the Agreement under seal for the Court's review ("**Seal Request**"). (*Id.* at 2, 5.)

Upon consideration of the parties' Agreement and the effect that dismissal with prejudice may have on Plaintiff's rights against the Corporate Defendants going forward, the Court finds that reconsideration of its Final Order is warranted. The Court will, therefore, amend its Final Order to dismiss the action without prejudice as to the Corporate Defendants. As such, the Seal Request is Moot.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Unopposed Motion for Reconsideration of a Final Order and Motion to File Paper Under Seal (Doc. 78) is **GRANTED IN PART and DENIED IN PART**.

    a. To the extent that Plaintiff seeks dismissal of the action **without** prejudice as to Central Florida Plumbing Supply, Inc. and Lawson Investment Group, Inc., the Motion is **GRANTED**.

    b. In all other respects, the Motion is **DENIED**.

2. The Court's Order of Dismissal with Prejudice (Doc. 75) and Stipulated Order (Doc. 77) are **VACATED**.

3. The parties' Joint Motion for Entry of Stipulated Form of Final Order or Judgment (Doc. 76) is **GRANTED IN PART and DENIED IN PART**.

    a. Upon stipulation of the parties, the Court enters this Order to reflect that:

---

[1] The Seal Request would otherwise be denied as noncompliant with Local Rule 1.09(a).

        i.        The parties have entered into a formal settlement agreement, which sets out the continuing rights and obligations between the parties.

        ii.        This action is **DISMISSED WITH PREJUDICE** as to Charlene H. Lawson and William E. Lawson.

        iii.        This action is **DISMISSED WITHOUT PREJUDICE** as to Central Florida Plumbing Supply, Inc. and Lawson Investment Group Inc.

    b.    In all other respects, the Motion is **DENIED**.

4.    The Court **DECLINES** to retain jurisdiction to enforce the terms of the parties' settlement agreement. If any party fails to uphold its end of the settlement agreement, a separate suit may be filed to enforce the agreement.

5.    The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 25, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record